Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante recurso de revisión, el recurrente Víctor M. Caldero Albino (Sr. Caldero), solicita la revisión de una resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) el 17 de abril de 1996. En dicha resolución JASAP declaró sin lugar la apelación en donde se impugnan varias preguntas del examen de ascenso para el rango de Teniente II ofrecido por la Policía de Puerto Rico.
Examinados los escritos presentados por las partes, expedimos el auto y confirmamos la resolución recurrida por los siguientes fundamentos.
*1056 I
El 21 de enero de 1995 el Sr. Caldero tomó el examen de ascenso al rango de Teniente II y obtuvo una puntuación de 47. La nota para aprobar dicho examen era de 49 puntos. Inconforme con la puntuación recibida, el Sr. Caldero solicitó revisión de su examen ante la Junta de Exámenes de Ascenso (la Junta de Exámenes) e impugnó la validez de cinco preguntas. La Junta de Exámenes consideró su petición y le concedió la revisión de dicho examen. Luego del proceso de revisión, la Junta de Exámenes declaró con lugar la impugnación de una de las preguntas y le concedió un punto; a pesar de ello el Sr. Caldero no aprobó dicho examen. Inconforme con la decisión de la Junta de Exámenes el Sr. Caldero apeló ante JASAP la cual confirmó a la Junta de Exámenes. No conforme, el Sr. Caldero, solicita la revocación de la decisión de JASAP alegando que ésta cometió error al no entrar a considerar el hecho de que en el examen se incluyeron preguntas sobre materias no contenidas en el folleto informativo publicado por la Policía de Puerto Rico, y al no considerar las alegaciones relacionadas con la redacción de un examen de selección múltiple. Veamos porqué no le asiste la razón al Sr. Caldero.
II
Los tribunales han reconocido la extensa discreción del Estado y sus juntas examinadoras en la fijación de las normas y procedimientos a regir los procesos de admisión o certificación de personas al ejercicio de profesiones u oficios. Para prevalecer en el ataque a las normas que regulan la admisión al ejercicio de un oficio o profesión, debe demostrarse que las normas aplicadas por el Estado niegan arbitrariamente la admisión a los aspirantes, por motivos desvinculados al propósito de la reglamentación. El grado de interés público es tal que sólo se requiere alguna evidencia de que las medidas son racionales y, por ende, válidas. Román v. Tribunal Examinador de Médicos, 116 D.P.R. 71, 79-80 (1985).
Los tribunales han rehusado reconocer la revisión absoluta del examen como un derecho constitucional. La orientación judicial favorece como sustitutos a la revisión categórica, la recorrección o un sistema alterno de medición y evaluación confiables. Prevalece una norma de deferencia hacia las juntas examinadoras al seleccionar cualesquiera d© esos métodos. Román v. Tribunal Examinador de Médicos, supra, a la pág. 81. En el presente caso la Junta Examinadora revisó el examen del Sr. Caldero y atendió la impugnación sobre las cinco preguntas. Dicho examen pasó por el proceso de recorrección y se le acreditó un punto al total de su examen. Por tanto, se siguieron los procedimientos establecidos por la ley y la jurisprudencia en cuanto a la oportunidad del aspirante a la revisión de su examen.
En cuanto a las preguntas de selección múltiple éstas tienen un margen de error mínimo y la jurisprudencia no favorece que se entreguen al aspirante porque se mermarían significativamente las fuentes para su preparación si el Estado facilitara al aspirante las preguntas y contestaciones a éstas. Además el costo de su confección es sustancial. Román v. Tribunal Examinador de Médicos, supra, a la pág. 84. No obstante, la Junta de Exámenes permitió que el Sr. Caldero las revisara y argumentara sobre su corrección.
Por otro lado las decisiones de un organismo administrativo tienen una presunción de corrección y los tribunales no deben intervenir con éstas, excepto que se demuestre que no existe evidencia sustancial en el expediente para sostenerla. Misión Industrial v. Junta de Planificación, _ D.P.R. _ (1997), 97 J.T.S. 34; Henríquez v. C.E.S., 120 D.P.R. 194, 210 (1987). Evidencia sustancial ha sido definida por la jurisprudencia como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 686-687 (1953). Sabido es que las interpretaciones de los organismos administrativos merecen gran deferencia por parte de los tribunales limitándose en el ejercicio de nuestra función revisora a determinar si la agencia actuó arbitraria, ilegal o tan irrazonablemente que su actuación constituyó un abuso de discreción. Fuertes v. ARPE, _ D.P.R. _ , (1993) 93 J.T.S. 165. En el caso de autos la *1057 Junta de Exámenes no actuó de forma arbitraria ni ilegal, y su actuación no constituyó un abuso de discreción. Surge de lo anteriormente expresado que la Junta de Exámenes le dio oportunidad al Sr. Caldero de revisar su examen, se recorrigió y se le proveyó la oportunidad, además, de examinar las preguntas de selección múltiple. La Junta de Exámenes cumplió, pues, con todos los criterios que dispone la jurisprudencia para estos casos, Román v. Tribunal Examinador de Médicos, supra, a la pág. 81, y JASAP no cometió error al confirmar a la Junta de Exámenes.
Por los fundamentos anteriores se expide el auto de revisión solicitado y se confirma la resolución recurrida de la Junta de Apelaciones del Sistema de Administración de Personal del 17 de abril de 1996.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General